|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |  |
|---|---|---|
| BADGER DAYLIGHTING CORP., | § § § § § § § § § § § | |
| Movant, | | |
| *versus* | | CIVIL ACTION NO. 1:25-MC-7 |
| PRECISION HYDROVAC EXCAVATION, LLC, and BRENT MAYS, | | |
| Respondents. | | |

## MEMORANDUM AND ORDER

Pending before the court are Movant Badger Daylighting Corp.'s ("Badger") Motion to Compel Compliance with Subpoenas (#1) and Unopposed Motion Pursuant to Local Rule CV-7(J) Re-urging its Motion to Compel Compliance with Subpoenas (#13). Respondents Precision Hydrovac Excavation, LLC ("Precision") and Brent Mays ("Mays") (collectively "Respondents") filed a Response (#3) to Badger's original motion, and Badger filed a Reply (#4). Having considered the pending motions, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Badger's motions should be granted.

I.  Background

The present dispute arises out of litigation currently pending in the Southern District of Indiana. Specifically, in matter No. 1:24-CV-00912-TWP-TAB, *Badger Daylighting Corp. v. Shannon Rutherford*, Badger asserts claims against its former employee, Shannon Rutherford ("Rutherford"). Badger's claims stem from Rutherford's decision to resign from Badger in favor of working for one of its direct competitors, Precision. In so doing, Badger maintains that

Rutherford breached her employment agreement and her fiduciary duties, and that she misappropriated Badger's trade secrets.

During the pendency of the litigation in the Southern District of Indiana, Badger attempted to acquire certain information from Rutherford via discovery. Rutherford, however, refused to turn over the requested discovery on the grounds that Precision, not Rutherford, owned the information sought. Accordingly, on October 30, 2024, Badger served subpoenas on Precision and Mays, the owner and managing partner of Precision, seeking the production of the discovery originally requested from Rutherford. As noted in the subpoenas, the deadline for compliance was November 29, 2024. Nevertheless, neither Precision nor Mays responded or objected to the requested discovery. Counsel for Badger attempted to confer with Respondents' counsel to resolve the issue, and Respondents' counsel requested a two-week extension to which counsel for Badger agreed. As of the parties' most recent filing on September 10, 2025, Respondents have yet to respond or produce the requested discovery.

II.   Analysis

Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil cases." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (Powell, J., concurring); *accord WAG Acquisition, L.L.C. v. Technius Ltd.*,

No. 2:24-CV-00714-JRG, 2025 WL 2412343, at *1 (E.D. Tex. Aug. 20, 2025); *Sterling v. Liberty Mut. Grp., Inc.*, No. 3:25-cv-00097-HTW-LGI, 2025 WL 2775030, at *2 (S.D. Miss. Sept. 26, 2025). "[C]ontrol of discovery is committed to the sound discretion of the trial court." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 386 (5th Cir. 2020) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)); *accord Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 872 (5th Cir. 2018) (quoting *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010)); *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). District courts have wide discretion to determine the scope of discovery. *See Cruz v. Maverick County*, 957 F.3d 563, 570 (5th Cir. 2020); *Shumpert v. City of Tupelo*, 905 F.3d 310, 326 (5th Cir. 2018).

In order for information to be discoverable, it "must be both relevant and proportional to the needs of the case—which are related but distinct requirements." *Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, 328 F.R.D. 153, 161 (N.D. Tex. 2018) (quoting *Samsung Elecs. Am., Inc. v. Chung Yang Kun*, 321 F.R.D. 250, 279 (N.D. Tex. 2017)); *accord Baker v. Walters*, 652 F. Supp. 3d 768, 778 (N.D. Tex. 2023) (citing FED. R. CIV. P. 26(b)(1)). "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value." *Baker*, 2023 WL 424788, at *7 (quoting *Samsung Elecs. Am., Inc.*, 321 F.R.D. at 280); *accord Zenith Ins. Co.*, 328 F.R.D. at 161. The party resisting discovery has the burden to show specifically how each discovery request at issue is irrelevant, overly broad, unduly burdensome, or oppressive. *English v. Tex. Farm Bureau Bus. Corp.*, No. 617CV00323-ADA-JCM, 2020 WL 2764625, at *1 (W.D. Tex. May 27, 2020); *see Baker*, 2023 WL 424788, at *3 (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *United States v. 5.934 Acres of Land, More or Less,* 635 F. Supp. 3d 553,

556 (S.D. Tex. 2022); *Samsung Elecs. Am., Inc.*, 321 F.R.D. at 284.  Moreover, "[t]he burden is on the party resisting discovery to establish the discovery is not proportional."  *Hall v. Rent-A-Center, Inc.*, Civ. A. No. 4:16cv978, 2018 WL 4293141, at *3 (E.D. Tex. Aug. 31, 2018); *accord Samsung Elecs. Am. Inc.*, 325 F.R.D. at 591-92 (holding that the party resisting discovery on the grounds that it is not proportional to the needs of the case "bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Federal Rule of Civil Procedure 26(b) by coming forward with specific information to address—insofar as that information is available to it—the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

In the present case, the discovery requests at issue are Badger's requests for production from Precision and Mays.  According to Rule 34 of the Federal Rules of Civil Procedure, an individual to whom a request for production is directed must "respond in writing within 30 days of being served."  FED. R. CIV. P. 34.  Additionally, Rule 34 provides that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  *Id*.  Generally, if a party fails to object within 30 days, then it waives the right to raise any objection that could have been made.  *Madison One Holdings, LLC v. Punch Int'l, B.V.*, No. 4:06-cv-03560, 2008 WL 11483220, at *1 (S.D. Tex. Aug. 27, 2008) (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)); *see James v. LR Vincent Truck and Serv.*, No.

2:19-cv-00064, 2021 WL 5569727, at *1 (W.D. Mich. May 13, 2021); *Murray v. Formel D.*, No. 2:19-cv-00548-AMM, 2020 WL 13460954, at *3 (N.D. Ala. Sept. 4, 2020).

Here, Badger maintains, and Precision and Mays do not dispute, that Respondents did not respond or object to Badger's requested discovery within 30 days of receiving Badger's requests for production. In fact, Respondents failed to address the substance of the requested discovery in any manner until they filed their Response (#3) to the pending Motion to Compel (#1) on January 6, 2025. Consequently, Respondents' objections will be considered waived, unless the court excuses their failure to object based on a finding of good cause. *See Ballast Advisors, LLC v. Peterson*, No. 23-CV-3769, 2025 WL 2963409, at *2 (D. Minn. Oct. 21, 2025); *Sterns v. CitiMortgage, Inc.*, 349 F.R.D. 620, 626 (N.D. Tex. 2025). Respondents, however, do not provide any reason for their delayed response. Hence, the court concludes that no good cause exists for Respondents' failure to raise timely objections to Badger's requested discovery. Accordingly, Respondents' objections to Badger's requests for discovery are waived.

III.   Conclusion

Based on the foregoing analysis, the court is of the opinion that Badger's Motion to Compel Compliance with Subpoenas (#1) and Unopposed Motion Re-Urging the Motion to Compel Compliance with Subpoenas (#13) should be GRANTED. Accordingly, Precision is ORDERED to respond fully to Requests for Production 1, 2, 3, 4, 5, 6, 7, and 8 contained in Exhibit A to Badger's Motion to Compel. Furthermore, Mays is ORDERED to respond fully to Requests for Production 1, 2, 3, 4, and 5 contained in Exhibit B to Badger's Motion to Compel.

SIGNED at Beaumont, Texas, this 29th day of October, 2025.

                                            MARCIA A. CRONE
                                   UNITED STATES DISTRICT JUDGE